IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRANVILLE MARSHALL, M.D.,<br>    Plaintiff,<br><br>    v.<br><br>CITY OF SUSANVILLE, COUNTY OF LASSEN, BANNER COMMUNITY HOSPITAL, DAVE ANDERSON and DOES 1 through 50, inclusive,<br>    Defendants. | CIV-S-04-1054 DFL/KJM<br><br>MEMORANDUM OF OPINION<br>AND ORDER |

    Plaintiff Granville H. Marshall, M.D. brings multiple constitutional claims against the City of Susanville, Lassen County, Banner Community Hospital, and individual defendants. On July 20, 2006, the court issued a pretrial scheduling order barring amendments to the pleadings without permission of the court and a showing of good cause. On August 14, Marshall filed a second amended complaint, without his attorneys' knowledge or the court's permission. Defendants seek to dismiss or to strike the second amended complaint and request sanctions. Marshall's attorneys seek to withdraw from representation. For the reasons below, the court GRANTS the motions to strike, DENIES the motion for sanctions, and GRANTS the motion to withdraw.

1

I.

The court grants the motion to strike the second amended complaint. Under Federal Rules of Civil Procedure 16(f) and 37(b)(2)(C), the court may strike pleadings filed by a party contrary to the terms of a scheduling order. Marshall failed to comply with the July 20 pretrial scheduling order, neither seeking the court's permission nor showing good cause to file the amended complaint. Although Banner seeks sanctions for Marshall's unauthorized amendment, the court finds that the minimal effort required to strike Marshall's clearly improper filing does not justify the requested fees. The court, therefore, denies the motion for sanctions.

II.

The court grants Marshall's attorneys' motion to withdraw. Although Marshall filed an opposition to this motion on September 1, 2006, he stated at the November 1 hearing that he no longer opposes withdrawal. Moreover, the attorneys sufficiently demonstrated a breakdown in the attorney-client relationship based upon scheduling disputes and Marshall's subsequent pro per filing. If Marshall intends to retain new counsel, the court encourages him to do so promptly. If he intends to represent himself, the court urges him to study the procedural requirements and schedule imposed by the July 20 pretrial scheduling order.

III.

For the above stated reasons, the court GRANTS the motion to strike the second amended complaint, DENIES the motion for

2

sanctions, and GRANTS the motion to withdraw.

       IT IS SO ORDERED.

Dated: 11/22/2006

                                            DAVID F. LEVI
                                            United States District Judge