IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GRANVILLE MARSHALL, M.D.,　　　　　　No. CV. S-04-1054 RRB KJM

　　　Plaintiff,　　　　　　　　　Memorandum of Opinion
　　v.　　　　　　　　　　　　　　　　　　and Order

CITY OF SUSANVILLE, COUNTY OF
LASSEN, BANNER COMMUNITY
HOSPITAL, DAVE ANDERSON, and
DOES 1 through 50, inclusive,

　　　Defendant.　　　　　　／

　　　Plaintiff Granville Marshall, M.D. seeks to amend his complaint against the City of Susanville and Lassen County to join individual defendants Steven South, Sherry Henderson, Debbie Runnels, and Patrick Garrity. Marshall filed the motion seven months after the court issued a pretrial scheduling order, stating that "[n]o further joinder of parties or amendments to pleadings is permitted except with leave of the court, good cause having been shown." "Rule 16(b)'s good cause standard primarily considers the diligence of the party seeking the

amendment." <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 609 (9th Cir. 1992) (citation and internal quotation marks omitted). A finding of diligence is inappropriate if a "[p]laintiff was aware of those circumstances [motivating the amendment] when she submitted her status report and yet said nothing about them." <u>Jackson v. Laureate, Inc.</u>, 186 F.R.D. 605, 608 (E.D. Cal. 1999).

Marshall has not satisfied Rule 16(b)'s good cause standard.[1] Marshall was aware of the names of the proposed defendants and their roles in the incident at issue more than three years before filing this motion, as demonstrated by his September 30, 2003 letter to the Department of Justice. Marshall does not allege any material factual developments since the letter was sent to explain why he now seeks to join the parties. Therefore, he has not established that he was diligent in proposing the amendment.

Despite the delay, Marshall argues that there is good cause for joinder of the parties because he recently obtained new counsel and joining the proposed defendants would only be a

---

[1] Moreover, significant prejudice would result if the court were to grant the motion. Shortly after Marshall moved to amend his pleadings, defendants filed timely summary judgment motions. Joining the proposed defendants would derail the pre-trial schedule, force a reopening of discovery, and likely render extensive summary judgment work by the current defendants irrelevant.

1  "clarification," due to prior references to them in the body of
2  the original complaint. These arguments lack merit. His desire
3  "to have a second bite at the apple" does not constitute good
4  cause. Porter v. Cal. Dep't of Corr., No. Civ. S. 00-978, 2006
5  WL 467980, at *1 (E.D. Cal. Jan. 6, 2006). Moreover, references
6  to two of the individual defendants and discussion of theories
7  of individual liability in the original complaint's body are not
8  sufficient to justify the joinder of the proposed defendants,
9  who were neither served with the original complaint nor given an
10 opportunity to participate in the action. See Silva v. County
11 of Tehama, No. Civ. S. 03-1853, 2005 WL 2709512, at *2 (E.D.
12 Cal. Oct. 20, 2005) (finding no good cause to substitute named
13 individuals for Doe defendants, mentioned in the original
14 complaint, when plaintiff knew their names for eighteen months
15 before moving to amend). Marshall unsuccessfully argues that it
16 was "obvious" that plaintiff intended to sue the proposed
17 defendants and that the original defendants should have
18 anticipated their inclusion in the action. It is Marshall's
19 burden to "prosecute his case properly" and he "cannot blame
20 [defendant] for his failure to do so." Johnson, 975 at 609-10.

For these reasons, the court DENIES the motion.

IT IS SO ORDERED this 29th day of June, 2007.

                              s/RALPH R. BEISTLINE
                              UNITED STATES DISTRICT JUDGE