IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRANVILLE MARSHALL, M.D.,<br><br>      Plaintiff,<br><br>vs.<br><br>CITY OF SUSANVILLE; COUNTY OF LASSEN; BANNER COMMUNITY HOSPITAL; DAVE ANDERSON; and DOES 1 through 50 inclusive,<br><br>      Defendants. | Case No. 2:04-cv-1054-RRB-KJM<br><br>**ORDER GRANTING MOTIONS FOR SUMMARY JUDGMENT AND/OR SUMMARY ADJUDICATION** |

I.  INTRODUCTION

At Dockets 104 and 109 are, respectively, Defendants County of Lassen and City of Susanville (hereinafter collectively referred to as "Defendants"), with Motions for Summary Judgment and/or Summary Adjudication.  The motions are opposed at Dockets 117 and 118.  Having fully considering the same, as well as the relevant affidavits, papers, etc. associated therewith, Defendants' motions are hereby **GRANTED**.[1]

---

[1] Inasmuch as Plaintiff does <u>not</u> oppose Defendants' Motions for Summary Judgment as they relate to his equal protection and/or
(continued...)

**II.   FACTS**

Because the facts are more than substantially briefed within the applicable pleadings, they are not repeated herein except as necessary.

**III. STANDARD OF REVIEW**

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment should be granted if there is no genuine dispute as to material facts and if the moving party is entitled to judgment as a matter of law.  The moving party has the burden of showing that there is no genuine dispute as to material fact.[2]  The moving party need not present evidence; it need only point out the lack of any genuine dispute as to material fact.[3]  Once the moving party has met this burden, the nonmoving party must set forth evidence of specific facts showing the existence of a genuine issue for trial.[4]  All evidence presented by the non-movant must be believed for purposes of summary judgment, and all justifiable

---

(...continued)
conspiracy claims, the same are hereby **DISMISSED** with prejudice. See Docket 108 at 6-7; Docket 120 at 2.

[2]   Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

[3]   Id. at 323-325.

[4]   Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-9 (1986).

inferences must be drawn in favor of the non-movant.[5]  However, the nonmoving party may not rest upon mere allegations or denials, but must show that there is sufficient evidence supporting the claimed factual dispute to require a fact-finder to resolve the parties' differing versions of the truth at trial.[6]

**IV.  DISCUSSION**

Defendants are municipalities.  "There are no individual named defendants.  Therefore, the only inquiry before [the] Court is whether there is a genuine issue for trial under the criteria for Monell [l]iability."[7]  There is not.

In conjunction with Monell v. Department of Social Services of City of New York, Plaintiff Granville Marshall, M.D. ("Plaintiff") must establish that: (1) a policy exists; (2) the policy amounts to "deliberate indifference" to his Constitutional rights; and, (3) the policy was the moving force behind the alleged underlying constitutional violation.[8]

///

///

---

[5]   Id. at 255.

[6]   Id. at 248-9.

[7]   Docket 120 at 3 (citing Monell v. Department of Social Services of City of New York, 436 U.S. 658, 691 (1978))(emphasis added).

[8]   Monell, 436 U.S. 658, 694 (1978).

**A. Plaintiff concedes the "written" policies are constitutional.**

By failing to address or present any legal argument that either the written use of force or written non-consensual blood draw policies are unconstitutional; and/or, by not setting forth any disputed evidence with respect to the same, Plaintiff concedes that the written policies at issue are constitutional.[9] Consequently, the Court concludes Defendants cannot be held liable under <u>Monell</u> with respect to the same.[10]

**B. Plaintiff has failed to establish the existence of an unwritten policy.**

Plaintiff has also failed to prove that either Defendant had an unwritten policy that violated his constitutional rights. In particular, Plaintiff has failed to show that either Defendant had an unwritten policy that amounted to "deliberate indifference"; and/or, had a policy that was a "moving force behind [the alleged] constitutional violation[(s)]."[11] Instead, Plaintiff can only point to a single incident, his own arrest, which the Court concludes is not enough to establish an unconstitutional policy under <u>Monell</u>.[12]

///

---

[9] Docket 120 at 3-4.

[10] <u>Id.</u> at 4.

[11] <u>Id.</u> at 9-10.

[12] Docket 121 at 9.

**C.  The Eleventh Amendment immunizes Defendants as to the existence of any and/or all unwritten policies.**

Moreover, inasmuch as the investigation of a crime, i.e., driving under the influence, constitutes conduct that is performed on behalf of the state in enforcing its law, i.e., a "state action,"[13] the Court concludes the Eleventh Amendment immunizes Defendants, ". . . as the existence of an unwritten policy here would be that of the State of California."[14]

**D.  Plaintiff's "failure to train" argument falls short.**

Notwithstanding, Plaintiff alleges Defendants violated his constitutional rights . . . because the key players at hand, i.e., the law enforcement officers involved, were inadequately trained.

> [However] the inadequacy of police training may serve as the basis for § 1983 liability <u>only</u> where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact.  This rule is most consistent with [the U.S. Supreme Court's] admonition in <u>Monell</u>, 436 U.S. at 694, and <u>Polk County v. Dodson</u>, 454 U.S. 312, 326 (1981), that a municipality can be liable under § 1983 <u>only</u> where its policies are the "moving force [behind] the constitutional violation." [Indeed, o]nly where a municipality's failure to train its employees in a relevant respect evidences a "deliberate indifference" to the rights of its inhabitants can such a

---

[13]  Docket 120 at 8 (<u>citing</u> <u>Venegas v. County of Los Angeles</u>, 87 P.3d 1, 8 & 11-12 (2004).

[14]  <u>Id.</u> at 9.

ORDER GRANTING MOTIONS FOR SUMMARY JUDGMENT - 5
2:04-CV-1054-RRB-KJM

>    shortcoming be properly thought of as a city
>    "policy or custom" that is actionable under §
>    1983.[15]

No such evidence has been presented herein to establish the same. Indeed, all of the evidence thus proffered strongly suggests that the Defendants' officers were more than adequately trained with respect to the polices and/or procedures at issue.[16]

**V.   CONCLUSION**

For these reasons, and/or for additional reasons more carefully articulated within the relevant pleadings, affidavits, etc., the motions at **Dockets 104 and 108** are hereby **GRANTED** and this matter is **DISMISSED** in its entirety.

ENTERED this 9th day of November, 2007.

                              S/RALPH R. BEISTLINE
                              UNITED STATES DISTRICT JUDGE

---

[15]   City of Canton, Ohio v. Harris, 489 U.S. 378, 388-89 (1989)(footnote and string citations omitted)(emphasis added).

[16]   Even if one or more of the officers acted inappropriately, which conclusion the Court does not reach herein, such behavior does not an unconstitutional policy and/or a lack of training create.

ORDER GRANTING MOTIONS FOR SUMMARY JUDGMENT - 6
2:04-CV-1054-RRB-KJM